J-S23033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID JULIUS PRICE, SR., | : | |
| | : | |
| Appellant | : | No. 1647 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 30, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0006350-2013

BEFORE:   DONOHUE, SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 12, 2015**

David Julius Price, Sr. (Appellant) appeals from the judgment of sentence entered April 30, 2014, following his guilty plea to one count of driving under the influence of alcohol (DUI) - highest rate of alcohol - third offense; three counts of recklessly endangering another person; and, one count of driving while operating privilege was suspended or revoked. Counsel for Appellant has filed a petition to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

Appellant was arrested and charged with various offenses following an incident that occurred on September 18, 2013. On March 3, 2014, Appellant entered into an open guilty plea to the aforementioned charges. On April

*Retired Senior Judge assigned to the Superior Court.

30, 2014, Appellant was sentenced to an aggregate term of 2 to 11 years' incarceration. No post-sentence motion was filed. Appellant filed a *pro se* notice of appeal. The trial court forwarded this notice to Appellant's counsel of record and directed counsel to file a statement of errors complained of on appeal. Counsel complied with the trial court's directive by filing notice of his intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4).

On February 10, 2015, Appellant's counsel filed with this Court a petition to withdraw as counsel and an ***Anders*** brief. On June 11, 2015, due to deficiencies in counsel's ***Anders*** brief and petition to withdraw, we denied the petition and remanded to allow counsel to file a supplemental ***Anders*** brief. Counsel filed a supplemental ***Anders*** brief; however, because this brief was inadequate, on August 26, 2015, this panel remanded the matter once more. Counsel's second supplemental ***Anders*** brief and petition to withdraw are now before us.

At the outset, we must determine whether this appeal is timely. Appellant was sentenced on April 30, 2014, and had 30 days, or until May 30, 2014, to file a timely notice of appeal. Appellant's notice of appeal was entered on the docket on June 3, 2014.

"[I]n the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34,

38 (Pa. Super. 2011). The rule allows this Court "to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities...." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002).

Instantly, the certificate of service attached to Appellant's notice of appeal is dated May 27, 2014, which arguably supports a conclusion that Appellant's appeal was timely filed under the prisoner mailbox rule. However, the envelope containing the notice is postmarked June 2, 2014. Nonetheless, there is nothing of record that would indicate that Appellant did not place the document in the hands of prison authorities on May 27, 2014, or shortly thereafter.

However, pursuant to well-established Pennsylvania law, a defendant is not entitled to hybrid representation. *See Commonwealth v. Ellis*, 626 A.2d 1137, 1141 (Pa. 1993) (a defendant does not have the constitutional right of self-representation together with counseled representation at the trial or appellate level); *see also Commonwealth v. Jette*, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy that precludes hybrid representation). Additionally, Rule 120(A)(4) of the Rules of Criminal Procedure states that an "[a]n attorney who has been retained … shall continue such representation through direct appeal or until granted leave to withdraw by the court pursuant to paragraph (B)." Pa.R.Crim.P. 120(A)(4).

Paragraph (B) of that rule states that "[c]ounsel for a defendant may not withdraw his or her appearance except by leave of court." Pa.R.Crim.P. 120(B)(1).

Here, the record demonstrates that trial counsel was still counsel of record at the time Appellant filed his *pro se* notice of appeal. Despite his claim in his motion to withdraw that his representation of Appellant "did not include taking an appeal" to this Court, Petition to Withdraw As Counsel, 6/9/2014, at ¶ 2, counsel did not move to withdraw at any point prior to Appellant's *pro se* filing. Moreover, Appellant did not request leave to proceed *pro se*, nor did he request that plea counsel withdraw. Pursuant to the Rules of Criminal Procedure outlined above, it was improper for him to file a *pro se* notice of appeal with the trial court.

We further note that, although Appellant filed his notice of appeal *pro se* while ostensibly represented by counsel, that does not deprive this Court of jurisdiction to hear Appellant's claims. Generally, our courts will not entertain *pro se* filings while an appellant remains represented, and such filings have been described as legal nullities. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). However, *pro se* notices of appeal present a special case. In **Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal, filed while Cooper was represented by counsel, was not automatically a legal nullity, but was simply

- 4 -

"premature." *Id.* at 1007. Admittedly, *Cooper* was a case with a unique procedural history that can be distinguished from that of the instant matter. Nonetheless, this Court and our Supreme Court have faced *pro se* notices of appeal filed by represented appellants both before and after *Cooper*, and have not considered this defect to be fatal. *See, e.g., Commonwealth v. Wilson*, 67 A.3d 736, 738 (Pa. 2013) (explaining that "[Wilson] filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice," and proceeding to review the merits of Wilson's case without further discussion); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (remanding for a *Grazier* hearing where, after the denial of Robinson's counseled petition pursuant to the Post Conviction Relief Act, Robinson filed a timely *pro se* appeal, and a petition requesting that he be allowed to proceed *pro se*, and the PCRA court entered an order permitting counsel to withdraw). Thus, we will not treat Appellant's *pro se* notice of appeal as a nullity. Accordingly, we proceed to our review of counsel's *Anders* brief and petition to withdraw.

The following principles guide our review of this matter:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the *Anders* procedure:

> Accordingly, we hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

*Anders* brief, we conclude that counsel has substantially complied with the

above requirements.[1]  Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n. 5).

In his second supplemental **Anders** brief, counsel sets forth one issue of arguable merit: whether Appellant's sentence was harsh and excessive. **Anders** brief at 3-5. It is well-settled that an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

The record reflects that Appellant timely filed a notice of appeal and a statement pursuant to Pa.R.A.P. 2119(f) is included in counsel's **Anders** Brief.  However, Appellant failed to file a post-sentence motion preserving

---

[1] Appellant has not responded to counsel's petition to withdraw.

the issue.  As noted above,"[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. *Absent such efforts, an objection to a discretionary aspect of a sentence is waived.*" **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) (emphasis in original).  Accordingly, his issue is waived for not being preserved in his post-sentence motion, or at sentencing. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1043 (Pa. Super. 2013).  An issue that is waived is frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Based on the foregoing, we conclude that Appellant's issue challenging the discretionary aspects of his sentencing is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/12/2015